UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>LAS SALSAS, LLC d/b/a LAS SALSAS MEXICAN RESTAURANT; DAVID VALDEZ; and JOSE GUTIERREZ,<br><br>    Defendants. | Civ. Action No. _____<br><br><br><br><br><br>**COMPLAINT**<br>(Injunctive Relief Sought) |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff" or "the Secretary"), brings this action pursuant to the Fair Labor Standards Act of 1983, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), against Defendants Las Salsas, LLC d/b/a Las Salsas Mexican Restaurant, David Valdez, and Jose Gutierrez (collectively, "Defendants"). The Secretary seeks to: (1) have Defendants enjoined from violating the provisions of §§ 6, 7, 11, and 12 of the Act pursuant to § 17 of the Act, 29 U.S.C. § 217; and (2) recover unpaid wages, together with an equal amount as liquidated damages, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c).

I.

This Court has subject matter jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

1

II.

A.   Defendant Las Salsas, LLC d/b/a Las Salsas Mexican Restaurant ("Las Salsas") at all relevant times, was and is a North Carolina limited liability company having places of business and doing business in Burke County and McDowell County, North Carolina.

B.   Defendant David Valdez ("Valdez"), doing business in McDowell County, North Carolina, acted directly or indirectly in the interest of Las Salsas in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d). In particular, Valdez is a part-owner of Las Salsas and makes all business decisions at its Marion location.

C.   Defendant Jose Gutierrez ("Gutierrez"), doing business in Burke County, North Carolina, acted directly or indirectly in the interest of Las Salsas in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d). In particular, Valdez is a part-owner of Las Salsas and makes all business decisions at its Morganton location.

III.

Venue is proper in the Western District of North Carolina, Asheville Division, as Las Salsas' principal place of business is located in McDowell County, North Carolina and the violations alleged in this Complaint occurred at Las Salsas' restaurants in Morganton, North Carolina and Marion, North Carolina.

IV.

At all relevant times:

A.   Las Salsas engaged in related activities, performed either through unified operation or common control for a common business purpose, constituting an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B.  Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

V.

A.  Since at least January 2019, Defendants have willfully violated § 6(a) of the Act, 29 U.S.C. § 206(a), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

B.  Specifically, Defendants did not pay kitchen employees at its Morganton and Marion restaurants at least $7.25 per hour for all hours worked, instead paying employees a weekly salary in cash which did not adequately compensate employees for all hours worked. Defendants' failure was willful as they were aware that the Act required them to pay workers at least $7.25 per hour, particularly as Las Salsas had been subject to investigations by the Wage and Hour Division of the U.S. Department of Labor ("WH") regarding minimum wage violations in the past.

VI.

A.  Since at least January 2019, Defendants have willfully violated § 7 of the Act, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

3

B. Specifically, Defendants did not pay employees an overtime rate of one and one-half times the regular rate for hours worked in excess of 40 hours per workweek, instead paying employees a weekly salary in cash without consideration of hours worked over 40 in a workweek. Defendants' failure was willful as they were aware that the Act required them to pay workers at an overtime rate, particularly as Las Salsas had been subject to WH investigations regarding overtime violations in the past.

VII.

A. Since at least December 2018, Defendants have willfully violated § 11(c) of the Act, 29 U.S.C. § 211(c), by failing to make, keep, and preserve records of the persons they employed, and the wages, hours, and other conditions and practices of employment.

B. Specifically, Defendants did not maintain complete time and payroll records for any of the employees at Las Salsas' restaurants. Defendants' failure was willful as they were aware that the Act required them to make, keep, and preserve such records, particularly as Las Salsas had been subject to WH investigations regarding record-keeping violations in the past.

VIII.

A. In November and December 2020, Defendants Las Salsas and Valdez willfully violated § 12 of the Act, 29 U.S.C. § 212(c), and 29 C.F.R. § 570.35(a)(5) by permitting a fifteen-year-old employee to work in excess of three hours on days when school was in session.

B. Such violation was willful as Defendants las Salsas and Valdez were aware of the restrictions on minor employees contained in the Act, particularly as Las Salsas had been subject to WHD investigations regarding child labor violations in the past.

IX.

WHEREFORE, cause having been shown, the Secretary prays for Judgment:

A. Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees, and all persons in active concert or participation with them, from violating the provisions of §§ 6(a), 7(a), 11(c), and 12 of the Act;

B. Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix A attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial);

C. And for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted this 29th day of November, 2022.

| | |
|---|---|
| ADDRESS: | SEEMA NANDA<br>Solicitor of Labor |
| U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10 | Office of the Solicitor<br><br>TREMELLE I. HOWARD<br>Regional Solicitor |
| Atlanta, GA 30303<br>Telephone: (404) 302-5455<br>Facsimile: (404) 302-5438 | JEREMY K. FISHER<br>Counsel |
| | C. RENITA HOLLINS |
| hollins.cordelia.r@dol.gov<br>bishop.rachel.m@dol.gov<br>ATL.FEDCOURT@dol.gov | Trial Attorney<br><br>*/s/ Rachel M Bishop*<br>RACHEL M. BISHOP<br>Trial Attorney<br><br>Attorneys for the Secretary of Labor,<br>United States Department of Labor |

SOL Case No: 21-00332